Our last case this morning is a consolidated matter. That would be case numbers 411, 0995, and 412, 0157, that's Country Mutual Insurance Company, versus McGee, for the appellate, Michael Reces, and for the appellee, Carl Tenney. You may proceed. Thank you. Good morning, and may it please the Court, Counsel. My name, again, is Michael Reces, and I'm here today on behalf of Country Mutual Insurance Company in the two consolidated appeals. This appeal presents a choice of law issue. That issue is whether Illinois or Florida law governs the wrongful death damages that an insured is legally entitled to collect pursuant to underinsured motorist arbitration when the policy is issued in Illinois, but the accident happens in Florida. Now, the trial court saw this issue as one of contract and applied a contract choice of law analysis to find that Illinois law should apply because the damages that may be recovered from an underinsured motorist is decided on tort principles. The trial court should have used tort choice of law rules, and we respectfully submit that Florida law applies using those rules. If we are correct, the judgment below cannot stand. The policy states that Country Mutual would pay damages that an insured is, quote, legally entitled to recover, close quote, from an underinsured motorist. Well, so don't we have to interpret what legally entitled to recover means? All we have to do is, well, we know what it means, and what it means is that... What does it mean in these circumstances, under these facts? And if we do have to interpret that, isn't that an interpretation of the insurance contract? No, because our liability is no greater than the liability of the underinsured motorist. All that phrase means is that the insured must establish fault and damages in accordance with tort law. Country Mutual steps into the shoes of the underinsured motorist. If the underinsured motorist doesn't pay, we don't pay. And we only pay to the extent that the underinsured motorist would pay as the tort fees under the law of the jurisdiction, where typically it would be the place of the accident or so we argue. Now, the parties agree there's a genuine choice of law issue here between Illinois law and Florida law. Florida does not allow adult children to recover non-economic damages when there is a surviving spouse. Illinois does, and the policy contains no choice of law provision to resolve the dispute. Doesn't that work against your client? No, I don't think it does. Insurance policy... Well, let me ask you this. An insured looks at a policy. I know we're kind of assuming that before they sign it, but assume the insured did... It's a useful exercise, yes. How would an insured know that his or her damages will depend upon what state the accident occurs in? What in that policy would even suggest that to an insured? Doesn't that create ambiguity and therefore doesn't that work against your client? Justice Turner, that's actually a good question. I'm not too sure that when it comes to a choice of law issue, a choice of law issue is always a question of law. Last case you can argue whether it's a question of fact or a question of law. This is a question of law. And that question of law is decided based upon certain legal principles found in the Restatement Second. And I don't expect any layperson to be able to even spot the issue. Honestly, I don't... Probably a few lawyers could spot it. And characterize the issue whether it's a contract issue or a tort issue because different principles and different factors apply depending on whether it's a tort or a contract issue. Now the judge here did something very similar to what I think you were just suggesting a moment ago. He sees the insurance contract that's attached to the complaint for declaratory judgment that we brought, or the counterclaim that they brought, and says, hey, this is a suit on a policy. We have to interpret the policy. We're going to apply contract principles. But the precise issue here is what are the damages owed by the at-fault notarist for which we are derivatively liable based on the contract? Based on what? But our liability to our insured is based on a tort principle because we stepped in the shoes of the underinsured motorist in calculating, determining fault and calculating damages. And all we're really saying logically is that because tort law controls the determination of fault, which is part of the arbitration process, so too tort law should control on the issue of damages and country mutual's liability to pay those damages pursuant to the underinsured motorist's coverage. The tort fees are here is the named insured's wife, Georgetta Henry. If she would not have to pay non-economic damages to the estate under Florida law, the defendants shouldn't be able to recover those damages from country mutual. So, tort choice of law rules of the Restatement Second should determine whether Illinois or Florida law applies to the damages that can be recovered. Now, under the Restatement Second, there is a presumption that favors Florida law as the place of the injury unless Illinois has a more significant relationship to the parties and to the occurrence. And the Restatement identifies those five, identifies five factors. One, place of injury, that's the most important. Second, place of conduct. Third, domicile and residence of the parties. Four, place where the relationship between the parties is centered. And five, any other factor relevant to the litigation. First factor clearly favors Florida law. Florida is the place of injury. Now, the Restatement recognizes that the place of injury will not always be as important when it is fortuitous that the accident occurs in some other state than Illinois. Here, there was nothing that you can say is fortuitous about the injury taking place in Florida. Richard Henry was a long-time winter resident who owned and kept a trailer on a lot in Florida the year round. He maintained a Florida bank account. He would pay his bills from Florida when he was wintering each year. And he has an adult son, David, who is one of the parties in the case, who is a Florida domicile. Is there, to what extent any of that matters? Had this accident occurred in Georgia on I-75 on the way to Florida, then Illinois law would apply? I would say they would have a better argument if you could say that the accident happens in Georgia because fortuitously, they're passing through Georgia and they have no connection to Georgia. Here, he's a part-time resident of Florida. So that he's in Florida more often than in Georgia makes a difference? It makes a difference if he's there regularly each winter for 20 years as opposed to just passing through. It would be less likely to apply Georgia law. Other things being equal, if that's where the accident takes place, if he's just passing through, he's got no other connection to Georgia. And yet, the argument you just made earlier would have no more nor less merit. That is, the person, who was the injured? Well, Richard Henry died. It's his estate and he is the representative. Now, who is the uninsured motorist? His wife, Georgetta, is driving the car. And she's driving the car in Florida. They've been staying there for three months in their trailer. Wasn't this a claim based upon the person who hit them, I thought? Well, you know... And wasn't that the uninsured motorist? No. She's the underinsured motorist. She's behind the steering wheel. She's driving. He's in the passenger seat when the accident takes place in Florida after they've been living there for three months. So, the argument you earlier made was you're stepping into her shoes? Yeah. Okay. I'm stepping into her shoes. And... Accidents on Florida roads. So, to the extent you're stepping into her shoes, if the accident occurred outside Perry, Georgia in I-75... It'd be harder to argue that Georgia law should apply because... You're still stepping into her shoes. How is that any different? Because we've got four factors. One factor, place of the accident. That's Florida. And it's not fortuitous that they're there because they live there three months of the year. They've got property there. They have a bank account there. They have a son there. It's not an accident that they're in Florida. It's not an accident that they happened. It's not an accident that happened in Florida. It would be more fortuitous if it happened on the way. Or if they had no connection to the state. And some of the cases point that out that are discussed in the briefs. And all we're saying with regard to the first factor, which the restatement says is the most important factor, is Florida favors us as the place of the accident. Now, the second factor also favors us. That's the place where the conduct took place. Georgetta Henry is the at-fault motorist. Her negligence takes place on the roads in Florida and nowhere else. That factor also favors applying Florida law. Now, the third factor, which I think is the one that, Justice Stegman, you want to get to, the third factor is the domicile and residence of the parties. And Richard Henry is an Illinois domicile. His wife is an Illinois domicile. You can have more than one residence, though, although you can only have one domicile. They have a residence in Illinois. They have a residence in Florida. The accident happened while they were staying at their residence in Florida. Is it a factor you have to look at? Absolutely. It's one of the five. But it is not as important, according to the restatement, as the place of the accident because there's a presumption. We start with a presumption that the law of the place of the accident is going to control on an issue of tort. And I also say this, that while we're looking at the residence or domicile of the parties, bear in mind here that the parties who would take as next of kin under the policy are the three adult children and only one of them lives in Illinois. One of them lives in Florida. And a third one lives in Washington State. So the residence and domicile of the parties doesn't cut all that strongly in favor of Illinois law because only one of the kids lives in Illinois, another one lives in Florida, and the third one lives in another state. Another relevant contact, the fourth contact, is where the relationship of the parties is centered. Well, their husband and wife, they live in Illinois. But their husband and wife also reside part-time in Florida. And the driver-passenger relationship that gave rise to this claim was based in Florida because that's where the car trip started. The question you asked a few minutes ago, I'm assuming that you're saying, well, the car trip starts in Illinois and the accident happens in Georgia on the way to Florida. And you're asking me, well, how does that help you? Well, here we have a car trip that started and ended in Florida because that's where they've been living for three months. So it's not quite the same situation when you start in Illinois and you have the accident on the way to Florida while you're passing through Georgia, as it is when you're living in Florida, you have the accident in Florida because that's where the trip started. The fifth factor is a catch-all. If there's any other consideration that enters into this. There's no Illinois public policy that should clearly override Florida law. Certainly the defendants have identified none. Florida has a legitimate interest in seeing that its tort law applies to a claim involving a part-time resident as a result of conduct by another part-time resident on its public roads. Applying Florida law would uphold restated choice of law values, including certainty, predictability, uniformity of result, and ease in the determination of law to be applied because we start with the presumption that the law of the place of the accident will control. Other states have reached the same conclusion using either a tort or a contract choice of law analysis. In our briefs we identified cases from Ohio that have addressed the same issue and have held that Florida wrongful death statute should apply using tort choice of law rules. The case is Rolland cited in the briefs. Aside from Ohio, other jurisdictions have held that the law of the place of the accident, here Florida, applies to determine whether an insured is legally entitled to recover benefits to go back to the question that Justice Turner maybe began the argument with when it comes to how do we read the insurance policy. Even using contract choice of law rules, and our primary position is that you apply tort choice of law rules, but even under contract choice of law rules, one of the cases that we have cited in our brief, State Farm v. Crewson, held that the law of the place of the accident applied even under a contract choice of law analysis. Court reasoned that the insurance contract limits coverage to damages that the insured would have been able to recover from the at-fault motorist. Therefore, defendants cannot obtain non-economic damages from Country Mutual because they couldn't get those damages from Georgetta Henry, the at-fault motorist, under Florida law. Although the analysis, tort versus contract choice of law, isn't always the same in these cases across the country, the result is consistent. The law of the place of the accident governs what an insured is legally entitled to recover from the at-fault motorist because Georgetta Henry, as the at-fault driver, would not have to pay non-economic damages to the estate under Florida law. Defendants should not be able to collect those damages from us. In the case you cited just a couple of minutes ago, did that court use the most significant context? Yes, it did. Test? Yes, it did. That's Rollin from Ohio. The same analysis in Illinois. You said it's a contract issue and they used the most significant context test? Let me clarify. Okay. The Ohio case, same issue. Florida wrongful death versus Ohio wrongful death applied a tort analysis restatement second. That's Rollin. There is a second case discussed in the briefs, State Farm versus Crewson, which is actually a, I think it's a Pennsylvania case applying, it's a federal court case applying Pennsylvania law, used a contract analysis, but even using the contract analysis said, well, under the contract, the insurance company only pays to the extent the at-fault motorist would pay. If the at-fault motorist wouldn't pay under the law of the jurisdiction where the accident happens, you don't have to pay those damages under the contract. But that doesn't sound like to me the court applied the most significant context test. So all I'm saying is I've got two arguments. One is you apply tort. It's a tort issue. You apply the restatement second. Tort analysis, which has a rebuttable presumption favoring the law of the place of the accident. The backup position is, okay, you don't like that. You just hate that argument. Sometimes it happens, right? If you talk long enough, somebody's not going to like it. Backup position is something. Well, Caris, I will candidly tell you I've looked at this case many, many times. In the morning, I think it's a tort issue. By evening, I think it's a contract issue. By the next morning, I'm back to where I was originally. So I'm trying to put my chips down on both black and red numbers, okay? So if it's a contract issue, look at Cruson. If you think it's a tort issue, which I think logically is really the better way to go and which is why we're leading off with that, we start with a presumption that they were sort of wrong. I would like to reserve five minutes for rebuttal, but we ask you to reverse. It's entered judgment for five minutes. Thank you. Thank you very much. You will have rebuttal. Mr. Tenney. Thank you. May it please the court. Counsel. In our brief, we cite four cases just like this one. One of them is from this court in the year 2008, which is the Frye case. Frye is one of the parties. We cite Frye. We cite, if I'm pronouncing this correctly, Zhao, Z-S-C-H-A-U, Costello, and Allen. In each of those four cases, there was a claim for uninsured or underinsured motorist benefits where the court held that the law other than the place of the accident applied, and in none of those cases was there a policy interpretation. In the Frye case from this court several years ago, there was an owned vehicle exclusion in the policy that would have precluded recovery. That policy was written in Indiana. If Indiana law had applied, that exclusion would have been enforced so as to preclude recovery. In Illinois, that policy would not, excuse me, that exclusion would not have been enforced. Would you agree, though, that without a tort, there's no insurance coverage here? That's correct, isn't it? Absolutely. So then, since a tort has to be committed, probably negligence, why doesn't this court, why didn't the trial court use the tort claim to then make the analysis of whether Florida or Illinois law applied? Because the trial court was following the law which says otherwise. The trial court followed Frye, Schau, Costello, and Allen. All of those cases are, as I mentioned, just like this one in the court-applied contract principle. If a, well, let me just say this. If, it's just that when there is a dispute over choice of law associated with a claim for uninsured or underinsured motorist insurance coverages, contract choice of law principles apply. That's how those four cases I mentioned can be summarized. So that's why Judge Weber did what he did, because he followed that law. If we were to apply tort principles, then the result would still be the same. The principal case that the insurance company relies on here is the Townsend case for Michigan. Townsend, first of all, was not an uninsured or underinsured motorist claim. There was no policy of insurance between the parties. The Townsend family sued Sears Roebuck and Company. The Townsends lived in Michigan, bought a tractor, garden tractor in Michigan, and Mr. Townsend inadvertently ran over one of his children, so they sued John Deere, who manufactured the lawnmower. The lawnmower was sold in Michigan, used in Michigan by Michigan residents, but John Deere has its corporate headquarters in Chicago or Cook County somewhere, so they filed the suit there. And certainly they applied tort principles, and they said, place of injury is presumptively where the choice of law that we use. But they had place of injury, they had place of accident, they had place of purchase of the lawnmower. The only fact they had for Illinois was that that's where the defendant had its headquarters. So in our case, even if all you do is apply, let's say we use the tort analysis, and we say the place of injury was in Florida, even if that's presumptive, it can be overcome. In the context of this discussion, the Murphy against Mancari, et cetera, case is also important. Because going through these five factors for restatement, place of injury is one of them. Although, as counsel indicated, if place of injury is fortuitous, then it's not entitled to that much great weight. And it has been argued that this accident was not fortuitous. We suggest it certainly can be regarded as fortuitous, on the basis of this Murphy against Mancari case. In Murphy against Mancari, an Illinois resident had a house, or a place that he spent every weekend at in Michigan. He traveled there every weekend, had an accident there, then there was a dispute about whether Michigan or Illinois law would govern his remedies in that, his action, which was not uninsured or uninsured either. He wanted to sue the dealer in Illinois. The court said that even though Mr. Murphy didn't live in Michigan, even though he traveled there every weekend for 20-some years, it was still fortuitous that the accident took place there. It was not fortuitous that he was there, but all things considered, given that he's an Illinois resident, spends more of his time in Illinois than he does in Michigan, it was fortuitous in that sense that the accident took place in Michigan. What about Mr. Reiss, Reiss's, is that how it's spelled? Sorry. Reiss's's argument that the insurance company is really stepping into the shoes of the underinsured motorist, or Jetta, and should be no more liable than she would have been under Florida law for the accident that occurred in Florida. Well, that seems to me to be the heart of the issue. You say no more liable under Florida law than she would have been. We say no more liable than under Illinois law. Well, that's where the accident was. That's where it occurred. All accidents typically that occur in Florida are subject to Florida law as far as how they're going to be resolved. Florida is deciding on court coverage and the like and dealing with underinsured or uninsured motorists. We have an accident in the state of Florida in which these injuries occurred. Why, because this was an insurance policy that was executed in Illinois, shouldn't Florida law apply? Because that would be inconsistent with Fry and Costello and Allen. Well, this is a matter of sound policy. I'm trying to figure this out. Assuming for the moment that's true, then the next question is, were we right in Fry? We don't have to, what is that, consistency in the hobgoblin of small minds and all that. We don't have to follow our prior decisions if they were not soundly based. Leaving aside Fry, why as a matter of policy wasn't Mr. Rees's argument soundly? Well, because as I indicated, the accident having occurred there can be considered as having been fortuitous because they spend some time there every summer, but that's not where they live. They're farmers, they're snowbirds, they do that.  How much time would they have to spend there? I mean, I know people spend half a year down in Florida. Still might have their car registered up in Illinois. Well, I think the evidence in this case was that they spent two or three or four months, for whatever that's worth, that's what the facts are, if they spent more than 50%. Well, you would agree that an accident occurring in Florida when they're spending their winter there is certainly less fortuitous than if they went to see St. Louis Cardinals and an accident occurred in Missouri. Of course. So there is some... Yes. Well, the counsel is right in the sense that it is not pure fortuity because they spend a quarter of the year in Florida. I agree. All I'm saying is, based on that Murphy case, there is some authority to make the argument that to some degree this accident was fortuitous. How about the other cases that the counsel cited from other jurisdictions? It seemed not surprising that this is not peculiar to the Illinois problem, but they seem to have addressed it and found that these sorts of facts that the tort analysis should govern and the law that the state where the accident occurred should apply. What was the problem with those analyses that we shouldn't follow? Why aren't they persuasive? Well, I still have this tendency to give great weight to the fact that we have some authority in this state to the contrary, and I understand that can be changed, but it does seem significant to me. This issue has come up, not only in this court, but in other jurisdictions within the state of Illinois, and this is how it's been resolved. Of course, these cases are fact-intensive. It's not as if you'd have to undo all of Frye and these other things. I mean, we've got, as Justice Stern points out, three months in the interstate down in Florida. I don't think that was the case in Frye. I don't recall at the moment, but... Well, let's say that... We have snowbirds. I mean, isn't that a difference in the fact that people live down there, other relatives down there? Well, a few things need to be clarified on that subject. Let's say it's a tort analysis. Domicile and residence of the parties. Nobody made any mention yet about Country Mutual. They have their headquarters in Bloomington. They're a party. This case is Country Mutual versus the estate of Henry. Having mentioned the estate of Henry, that's the party. It doesn't matter where David Henry lives. David is a co-executor. The three children of Richard Henry are the co-executors of this estate, which is pending in Pyatt County, Illinois, which is where Mr. Henry and his wife lived and where Mrs. Henry still lives. And then we have the fourth factor, relationship of the parties. What I'm trying to do is address your suggestion. Maybe this tort analysis is the right one. Maybe these other states have it figured out better than we do. Even so, applying that, you have to consider the relationship of the parties. The parties are not Mr. Henry and Mrs. Henry. Apparently, that's Country Mutual's focus. The relationship of the parties is the two of them. The parties are Country Mutual and Mr. Henry, who bought this policy and who's been a Country Mutual insured for 50 years or thereabouts. No, it was 114 years. Between he and his wife. Oh, I remember. I appreciate your recognizing that because it seems very significant to me. So the relationship of the parties was made here when these policies were purchased and renewed and renewed and renewed. And finally, the catch-all factor, any other consideration. In terms of policy and which state cares about whether its policies are enforced, nobody from Florida has anything to do with this. I mean, it's true that the Henry's are part-time residents there, if you want to say that. We think the focus should be on part-time, not resident. So there's nobody in Florida that has a stake in this. It's all Illinois people and the insurance company as an entity. So in summary, we think Judge Weber followed the law, including as set forth by this court in the Frye case. If he was mistaken and he should have applied court principles, we think that even under those factors under the restatement and the Townsend case, we think that the judgment of the trial court should be affirmed. Counsel, I've already acknowledged that I've struggled with this case. Would you say it's crystal clear that contract principles should govern this case versus tort principles? It's kind of a trick question. Yeah, it is. This isn't mathematics. It's not always two plus two is four in our business. I've already said this about four times, and I'm sorry to keep repeating myself, but that's what the four principal cases we rely on say. Those cases are the most like this case. That's what those cases did. But recognizing that all these cases are fact-intensive and they may be distinguished from this one, maybe we should take a look at the tort analysis. Maybe that's the right one. We still win. Thank you. Thank you. Rebuttal, please. Thank you. Mr. Reese, before you start, Richard Henry lived in Illinois. Yes. Georgetta lived in Illinois. Country Companies is stationed in Illinois. That's right. They purchased the contract when they were in Illinois. Yes. Paid for it in Illinois. Signed it in Illinois. Why doesn't Illinois law apply? You begin with the question that you're struggling with, which is tort versus contract, because certain factors apply to one choice of law analysis as opposed to the other choice of law analysis. You have to start with the issue of characterizing it. Contract versus tort. Now, if it's a contract issue, well, then it would be relevant that we're based in Illinois and we issue the policy in Illinois. If the issue is one of tort, that suddenly doesn't become that much of a factor if it's a factor at all, because then we're focusing in on... Well, I think I agree with you on that point. What say you to the cases that he is signing, similar to this one, where this court has used the contract analysis rather than the tort? I have no problem with those cases because they are applying a choice of contract analysis to interpret policy exclusions or limitations that define the coverage. In our case, you're not being asked... The policy doesn't tell us what damages are recoverable from the tort fees. The policy has no language that tells us how you decide fault or how you decide damages. It's a matter of arbitration depending upon what tort law applies because the issues to be resolved, fault and damages, are tort issues. Unlike the four cases, I have no problem with FRA. I have no problem with HALIN and the other cases because they are involving exclusions where the court has to interpret policy provisions to come to a certain result. Is it an exclusion at issue here too? Who gets covered? There is no exclusion in this policy on which we're aligned. The policy simply says... It goes back to Justice Turner's first question. What does it mean to say that we will pay damages that the insured is legally entitled to recover? That doesn't tell us what damages he's entitled to recover. If there's an exclusion, the exclusion will tell us whether we pay or not. There is no exclusion that we're aligned. I don't think you really answered my question though. The insured is not going to know that damages are going to be based upon what state the accident occurs. Shouldn't the insured know what he or she is purchasing? Or is that enough? I think it's enough that he or she, or in this case maybe the two of them, under different policies, know the terms of the policy. But because you can travel all over the country and you can get into accidents in different locations and you can live parts of the year in multiple locations, whether it's Florida where you winter or if you take your summers somewhere else, up in New England perhaps, it is important. I mean this is important in the sense that this phrase, this one phrase that we're talking about, is the difference between $400,000 in coverage or essentially zero because these children weren't dependent upon him for support. It is very important. Well it seems like something that significant, there should be something in the contract. I know counsel actually did not argue that. Well, I mean if you look at the other jurisdictions, this is a recurring issue. And it's addressed and resolved through a choice of law analysis or a statement and that begins with defining issues when a court or a contract. Different issues will have, whether it'll be a contract or a court analysis. Let me give you an example. Which case from other jurisdictions is your best case? Rollin, R-O-L-L-I-N, from Ohio. The exact same situation. You've got the adult kids, they live in Ohio. The policy is issued in Ohio. I'm looking at your brief. Where is the Rollin case mentioned? Pages 21 and 22 of the opening brief. Okay, that's what I'm looking at. Okay, Rollin, and what else? If you look on page 22, we've cited a number of other cases, Hertz Claim Management, State Farm v. Crewson, State Farm v. Vassal, State Farm v. Crockett. Very briefly. Actually, counsel. My time is up. My time is up. I want to thank the court for hearing us out today. I know that oral argument is a privilege and not a right, and we thank you for your time and attention. Thanks to both of you. The case is submitted. The court stands in recess until after lunch.